[No. 30175. Department Two. December 26, 1947.]

*In the Matter of* WILLIAM C. ELLERN, *an Insane Person.*

WILLIAM C. ELLERN, *Appellant,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *Respondent.*[1]

*S. Edelstein,* for appellant.

*Leslie M. Carroll* and *Clarence P. Smith,* for respondent.

ROBINSON, J.—This is a proceeding by petition to vacate and set aside a judgment of the superior court of Spokane county dated March 20, 1944, finding the petitioner insane

[1]Reported in 188 P. (2d) 146.

and committing him to an institution. A demurrer by the prosecuting attorney, on the ground that the petition did not state facts sufficient to warrant the relief asked for, was sustained and the petition dismissed. An appeal to this court by the petitioner resulted in a reversal, and, on August 6, 1945, the case was remanded to the superior court with instructions to enter an order overruling the demurrer to the petition and "for further proceedings, in accordance herewith." *In re Ellern,* 23 Wn. (2d) 219, 160 P. (2d) 639. The remittitur from the supreme court was filed in the office of the clerk of the superior court on August 7, 1945. Pursuant to the mandate of this court, an order overruling the demurrer was entered by the superior court on November 17, 1945.

Thereafter, nothing was done until November 15, 1946, when the petitioner served on the prosecuting attorney and filed in the clerk's office a note of issue of fact, requesting the court to have the matter set down for trial; and it was given January 6, 1947, as a trial date.

On November 15, 1946, the prosecuting attorney prepared and filed a motion for an order dismissing the petition under Rule of Practice 3, 18 Wn. (2d) 32-a, on the ground that the petitioner

". . . has failed to note the above entitled action for trial or hearing within one year after an issue of fact or law has been joined . . .";

which motion was served on appellant's attorney on the following day.

This motion was granted, and the petition to vacate and set aside the judgment and commitment of March 20, 1944, was dismissed. From that judgment, this appeal followed.

The question for determination is whether issue of fact was joined when the remittitur was filed, or when the formal order overruling the demurrer was signed. If the former, the trial court was correct in entering its order of dismissal; if the latter, the petitioner noted the action for trial within a year thereafter and the proceeding was not subject to dismissal under Rule No. 3.

■ We are of the opinion that the trial court was correct, and that issue was joined when the remittitur was filed on August 7, 1945. The matter could have been heard at any time subsequent to that date. No answer is required to raise an issue of fact on a petition to vacate a judgment. Rem. Rev. Stat., § 468 [P.P.C. § 71-9].

■■ The action of the trial court in making and entering an order overruling the demurrer was purely ministerial. The trial court could not delay or defeat the effect of the judgment of this court by failure to enter the formal order as directed. The judgments and decrees of the supreme court are final and conclusive upon all the parties properly before it. Rem. Rev. Stat., § 14 [P.P.C. § 110-35]. The judgment entered upon the remittitur becomes the judgment of the supreme court, and the superior court is powerless to change it. *Gudmundson v. Commercial Bank & Trust Co.*, 160 Wash. 489, 295 Pac. 167; *Ethredge v. Diamond Drill Contracting Co.*, 200 Wash. 273, 93 P. (2d) 324; *Kosten v. Fleming*, 21 Wn. (2d) 825, 153 P. (2d) 309.

Appellant admits that the entry of the order was a ministerial act, but contends that it was an official act that had to be performed. He seeks to draw a distinction between cases where the supreme court has affirmed or modified a judgment and where it has reversed a judgment and directed the lower court to proceed further according to its mandate. Appellant concedes that the affirmance and modification are governed by Rem. Rev. Stat., § 1741 [P.P.C. § 5-75], which provides that:

". . . If the cause is remanded to the court below to have such judgment or order [affirmance or modification] carried into effect, the decision of the supreme court, and its order entered thereon, upon being certified to the court below and entered on its records, shall have the same force and effect therein as if made and entered by the court below during its session . . ."

But it is urged that, where there has been a judgment of reversal and a direction to proceed further,

". . . the authorities hold that the order or judgment entered by the lower court pursuant to that mandate, *and*

*not the mandate of the Supreme Court,* is the final judgment."

The foregoing is from appellant's brief, but the authorities referred to are not cited. This argument by appellant ignores Rem. Rev. Stat., § 14, which provides:

"The judgments and decrees of the supreme court shall be final and conclusive upon all the parties properly before the court."

■ For the reasons heretofore assigned, the judgment of dismissal for want of prosecution under Rule No. 3 is affirmed.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.