[No. 30473. Department Two. April 1, 1948.]

HELEN A. CALDWELL, *Appellant,* v. GRACE E. CALDWELL, *Respondent.*[1]

[1]Reported in 191 P. (2d) 708.

*Helen A. Caldwell, pro se.*

*Ronald Moore* and *Jerome Walstead,* for respondent.

BEALS, J.—This action was instituted by J. R. Callahan, as administrator of the estate of J. W. Caldwell, deceased, and Helen A. Caldwell, the daughter of J. W. Caldwell, as plaintiffs, against Grace E. Caldwell, as defendant, during the year 1944, the complaint having been filed with the clerk of the superior court for Cowlitz county on June 23rd of that year. Plaintiffs filed their amended complaint, May 7, 1945, and, issue having been joined, the action came on regularly for trial, May 7, 1945, all parties appearing, both in person and by their respective counsel.

The relief sought by plaintiffs was the cancellation of a conveyance of real estate executed by J. W. Caldwell, as grantor, conveying described property to the defendant, Grace E. Caldwell, then his wife, plaintiffs also praying that certain property formerly belonging to J. W. Caldwell be adjudged to be the property of the plaintiff Helen A. Caldwell. Plaintiffs alleged that J. W. Caldwell died June 14, 1943, and that, thereafter, the plaintiff J. R. Callahan was appointed administrator of his estate.

The trial resulted in the entry of findings of fact and conclusions of law in favor of the defendant, and, July 16, 1945, the court signed a judgment dismissing, with prejudice, the two causes of action set forth in plaintiffs' complaint. On the same day, the judgment was filed in the office of the clerk of the court.

Apparently, the trial court had announced that it would render judgment in favor of the defendant prior to the date

of the signing thereof, and plaintiffs had filed a motion for a new trial, assigning four grounds upon which plaintiffs contended their motion should be granted. The trial court, by order dated July 16, 1945, denied plaintiffs' motion for a new trial, the order having been filed the same day.

The plaintiffs, June 8, 1946, filed their motion to vacate the judgment and for a new trial, assigning as grounds for their motion:

"(1) Accident and surprise which ordinary prudence could not have guarded against.

"(2) Newly discovered evidence, material for the party plaintiffs which they could not with reasonable diligence have discovered and produced at the trial.

"(3) Irregularity in obtaining said judgment and fraud committed by a witness in the case prejudicial to the plaintiffs.

"(4) This motion is based upon the affidavit of A. A. Booth annexed hereto."

The affidavit of A. A. Booth, plaintiffs' attorney, referred to in the motion, was filed with the motion. In this affidavit, the affiant stated that, after the entry of the judgment, the affiant had a conversation with a person who, on the trial, had testified as a witness for plaintiffs, and that this witness had later made certain admissions to the affiant to the effect that the testimony which he gave upon the trial concerning conversations between the witness and the deceased, J. W. Caldwell, had not disclosed the entire truth concerning such conversations.

September 14, 1946, plaintiff Helen A. Caldwell verified her petition in support of the motion to vacate the judgment, which was served upon defendant by the sheriff of Cowlitz county, September 16, 1946. The petition is contained in the transcript, but the date of its filing in the clerk's office is not indicated.

No further steps were taken in the action until September 20, 1947, when the defendant filed her motion to dismiss plaintiffs' motion and petition to vacate the judgment for want of prosecution. The affidavit of one of defendant's counsel was filed in support of the motion, stating the pertinent facts as above set forth.

September 25, 1947, plaintiff Helen A. Caldwell filed her affidavit in support of plaintiffs' motion and petition to vacate the judgment.

The defendant's motion for dismissal came on regularly to be heard before the court, September 25, 1947, the defendant appearing by counsel, and the plaintiff Helen A. Caldwell (who is not a member of the bar) appearing *in propria persona.*

The court, having heard argument by the respective parties, September 30, 1947, entered an order reciting that defendant's motion for a dismissal of plaintiffs' "motion to vacate the judgment" in the action had come on regularly for hearing. The order then recited the various procedural steps above referred to, continuing:

" . . . and it appearing that more than one year has elapsed and the plaintiffs have not called said motion up for hearing; and it appearing that it is within the discretion of the Court to dismiss said action for want of prosecution.

"Now, THEREFORE, IT IS ORDERED AND ADJUDGED that the motion for a new trial filed on the 8th day of June, 1946, and the petition in support of said motion filed on September 17, 1946, be and the same are hereby dismissed with prejudice."

This order was filed with the clerk the day of its entry.

From this order, plaintiff Helen A. Caldwell, *in propria persona,* appealed. In her notice of appeal, plaintiff also stated that she appealed from the final judgment in the cause entered July 16, 1945; but that judgment, entered after the denial of plaintiffs' motion for a new trial, was a final judgment in the cause, and the time within which an appeal to this court might be prosecuted from that judgment expired long prior to the date of the filing of plaintiffs' motion and petition to reopen the judgment. The only question before us upon plaintiff Helen A. Caldwell's appeal is the matter of the denial of plaintiffs' motion to vacate the judgment and, incidentally, grant a new trial.

Appellant makes the following assignments of error:

"(1) That the court erred in granting Respondent's motion to dismiss.

"(2) That the court erred in refusing to consider the facts urged by Appellant in support of her motion to vacate the judgment.

"(3) That the court erred in failing to recognize the true function and duty of a witness.

"(4) That the court erred in failing to recognize that the misconduct of a witness in persuading the Respondent to leave the courtroom in an effort to suppress testimony constituted irregularity in the trial.

"(5) Appellant assigns as error the refusal of the trial court to consider Respondent's voluntary appearance as the initiation of the action to vacate the judgment relating back to the filing of the petition."

From the statement of facts, it appears that, during the course of the argument on respondent's motion to dismiss appellant's motion to vacate the judgment and grant a new trial, the trial court referred to Rule of Practice 3 (18 Wn. (2d) 32-a), which reads as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

Respondent moved to dismiss appellant's motion and petition for want of prosecution, her motion being based upon the affidavit of respondent's counsel, stating the situation disclosed by the record, as above set forth, and that

". . . no steps have been taken by the plaintiffs to call said motion up for hearing; and that said delay has not been caused by any action or omission of the defendant or her attorney."

While respondent's motion to dismiss for want of prosecution does not state that it was made pursuant to Rule of Practice 3, the motion is, in form, sufficient to present issues pursuant to that rule.

From statements made by the court, as disclosed by the statement of facts, it is evident that the court dismissed appellant's motion and petition for the reason that the rec-

ords in the cause disclosed that issues of law and fact had been joined, and that appellant had failed to bring the same on for hearing for more than one year, no delay having been caused by the respondent.

Rule of Practice 13 (18 Wn. (2d) 41-a) provides that a motion to vacate a judgment shall be made within one year after the entry of the judgment, by motion filed in the cause, stating the ground upon which relief is asked, and supported by an affidavit of the applicant or his attorney. The rule further provides that, upon the filing of such a motion and affidavit,

". . . the court shall enter an order fixing the time and place of the hearing thereof and directing all parties to the action or proceeding who may be affected thereby to appear and show cause why the relief asked for should not be granted. . . ."

The rule provides for service of the motion and affidavit and the order to show cause. The obligation to procure such an order to show cause, of course, rests upon the moving party. The rule also provides that, except as modified thereby, Rem. Rev. Stat., §§ 303, 464-473 [P.P.C. §§ 4-1, 71-1, -13], "shall remain in full force and effect."

Rem. Rev. Stat., § 464, states the "causes for vacation or modification of judgments." Section 465 provides for the making of an application for a new trial, and that allegations of fact stated in such an application "shall be considered as denied without answer," and, further, that "no motion shall be filed more than one year after the final judgment was rendered."

Rem. Rev. Stat., § 468, referring also to an application for relief, made pursuant to § 465, provides for the trial of issues raised upon such an application, and again states that "the facts stated in the petition shall be deemed denied without answer."

■ Upon the filing of appellant's motion to vacate the judgment herein and grant a new trial, together with the affidavit of appellant's counsel in support of that motion and appellant's petition in support thereof, issues of fact were presented which were, by force of the statute, deemed

denied, and the issues of law and fact raised by appellant's motion were complete, and the same could have been tried at any time thereafter, when regularly brought before the court by appropriate action on behalf of appellant, the moving party.

Appellant argues that Rule of Practice 3 does not apply to such a situation as is here presented.

In *State ex rel. Lyle v. Superior Court,* 3 Wn. (2d) 702, 102 P. (2d) 246, an application for a writ of mandate, this court held that the filing of a demurrer to a complaint, together with a motion to make the complaint more definite and certain, presented issues which justified dismissal of the action pursuant to Rule of Practice 3, and that the action was subject to dismissal on motion after lapse of a year from the date of the filing of the demurrer and motion, the same not having been noted for hearing. It was also held that the rule was mandatory, and that, in passing upon the motion, there was no opportunity granted for the exercise of judicial discretion. The writ of mandate was granted, requiring the trial court to grant the motion to dismiss the action.

In the case of *State ex rel. Goodnow v. O'Phelan,* 6 Wn. (2d) 146, 106 P. (2d) 1073, this court also granted a writ of mandate, directing a superior court to dismiss a cause pursuant to Rule of Practice 3. In the course of the opinion, we said:

"It will likewise be noted that, while Rem. Rev. Stat., § 311, provides that an issue of fact *arises* when a material fact in the complaint or answer is controverted by an answer or reply, as the case may be, or when new matter is alleged in the reply, it does not affirm that such an issue can arise in *no other way.* To give those statutes the construction contended for by respondent would be to deny, or else to ignore, what is plainly a legal truth, namely, that an issue of law or an issue of fact arises whenever in the progress of a legal action or proceeding it becomes necessary and proper to decide a question of law or a question of fact."

The meaning of the words "any issue of law or fact," as contained in the rule, was considered, the opinion stating:

"In adopting the rule, this court did not use the phrase 'any issue of law or fact' in the narrow and technical sense in which those words had been used in Rem. Rev. Stat., §§ 309, 310, and 311, but in the broader and more accurate sense of having reference to every issue of law or fact, however raised. We, therefore, now hold that the rule applies to issues raised by motions."

In *State ex rel. Philips v. Hall*, 6 Wn. (2d) 531, 108 P. (2d) 339, this court, in granting a writ of mandate requiring the superior court to dismiss an action pursuant to Rule of Practice 3, after quoting from *State ex rel. Lyle v. Superior Court, supra*, said:

"While the defendant in an action may expedite the final determination thereof by calling up for hearing preliminary questions and placing the cause upon the trial docket, to be set as soon as the action is at issue on questions of fact, a defendant is under no obligation to speed the trial, and cannot be charged with neglect if he maintains his position on the defensive, and simply meets issues of law or of fact as the plaintiff regularly calls them up for hearing."

At the hearing upon respondent's motion, the trial court allowed appellant, in addition to stating her reasons why the motion to dismiss should not be granted, to argue the merits of the case. Of course, the only question presented to the court was the granting or denial of respondent's motion to dismiss, and the order which the court signed, deciding that question in respondent's favor, determined only that question.

Appellant further argues that the concluding portion of the order appealed from does not refer to her motion to vacate the judgment. Pertinent portions of the order appealed from read as follows:

"The motion of the above named defendant for judgment of this Court dismissing the motion to vacate the judgment in the above entitled action came on regularly to be heard . . . and it appearing that judgment was entered in said action on the 16th day of July, 1945; and that thereafter on the 8th day of June, 1946, the plaintiffs through their attorney, A. A. Booth, filed a motion to vacate said judgment, and for a new trial; and that on the 17th day of September, 1946, the plaintiff, Helen A. Caldwell, acting

in propria persona, filed her petition in support of said motion to vacate said judgment; and it appearing that more than one year has elapsed and the plaintiffs have not called said motion up for hearing; and it appearing that it is within the discretion of the Court to dismiss said action for want of prosecution.

"Now, THEREFORE, IT IS ORDERED AND ADJUDGED that the motion for a new trial filed on the 8th day of June, 1946, and the petition in support of said motion filed on September 17, 1946, be and the same are hereby dismissed with prejudice."

The order refers to appellant's motion to vacate the judgment, and dismissed appellant's motion to vacate the judgment and for a new trial, and her petition filed in support thereof, for want of prosecution, pursuant to Rule of Practice 3.

Appellant bore the burden in connection with her motion and petition, which presented issues of fact and law that, pursuant to Rem. Rev. Stat., §§ 464 and 468, *supra,* were considered as issues joined. The matter, then, was ready for presentation to the court when the motion and petition were filed, and the obligation rested upon appellant to take steps to bring the issues thereby presented before the court for decision within the period of one year from the time the motion and petition were filed.

Appellant argues that respondent's motion to dismiss her motion for a new trial and for a vacation of the judgment constituted a voluntary appearance on behalf of respondent, and that, by taking this step, respondent waived the right to move for dismissal of the proceeding. This contention on the part of appellant is without merit.

By her other assignments of error, appellant contends, in effect, that the trial court should have heard her motion and petition to vacate on the merits. In these particulars, the record discloses no error on the part of the trial court.

Respondent concedes that the order should not have dismissed the motion and petition "with prejudice." While, in view of the lapse of time, this matter may be immaterial, nevertheless appellant is entitled to have the order corrected in this particular.

In ruling upon respondent's motion, the trial court was in error in concluding that, under Rule of Practice 3, the court was vested with discretion. Any decision under that rule should be made strictly upon the facts and the law, and without the exercise of judicial discretion.

The trial court did not err in dismissing appellant's motion and petition. The cause is remanded to the superior court, with instructions to delete that portion of the order dismissing the motion and petition with prejudice. In all other particulars, the order appealed from is affirmed.

No costs will be taxed in this court in favor of either party.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.

---

May 17, 1948. Petition for rehearing denied.

