[No. 35008. Department One. January 21, 1960.]

LLOYD M. KELLY, *Appellant*, v. LA REIGN E. KELLY, *Respondent*.[1]

*Noland & Disque* (*Boardman Noland,* of counsel), for appellant.

*Robert L. Bell,* for respondent.

DONWORTH, J.—This is an appeal from the trial court's refusal to grant appellant's motion to dismiss without prejudice certain paternity proceedings for want of prosecution and from a judgment on the merits of the paternity issue.

[1]Reported in 348 P. (2d) 652.

On December 5, 1955, appellant (the former husband) brought an action to modify the child custody provisions of a divorce decree under which Vickie, a small daughter of the parties, had been placed in custody of the maternal grandmother. Respondent answered and further filed a motion to show cause against appellant to establish the paternity of another child (Raymond) born to her after the divorce. The two matters were consolidated for trial, which commenced September 4, 1956, and was concluded on September 6, 1956. On that date, the court continued the proceedings until October 8, 1956. Between September 6, 1956, and October 8, 1956, the court made findings and conclusions, and entered an order in the custody proceeding changing Vickie's custody from the maternal grandmother to appellant. No appeal has been taken from the order of modification.

On October 8, 1956, the court stated, in regard to the paternity matter:

"The other matter, in regard to Raymond, will be continued and I will discuss with counsel *at a later time* the matters involving *the findings that I have made already* regarding paternity of the child which will involve, of course, other questions for care and so on, and *the court will fix a further time for further hearing* in that particular." (Italics ours.)

Nothing further was done in the paternity matter until June 27, 1958, when counsel for each of the parties appeared in court and submitted to the trial judge their respective proposed findings of fact. No findings were signed on that date. On July 28, 1958 (1 yr. 9 mos. 20 days after the hearing of evidence on the issue), appellant moved to dismiss the paternity matter for failure to prosecute under Rule of Pleading, Practice and Procedure 3, 34A Wn. (2d) 69. This motion was heard August 1, 1958, and on August 8, 1958, while this motion to dismiss was still pending, the court entered findings, conclusions, and judgment whereby it held appellant to be the father of Raymond and ordered appellant to pay two hundred dollars to respondent for attorney's fees. No findings or order was made relative to any

support payments for Raymond. Appellant has appealed from this judgment.

Assignments of error: (1) Trial court's failure to grant appellant's motion to dismiss the paternity matter under Rule 3; (2) the making of findings and conclusions, and the entry of judgment establishing that appellant was the father of Raymond.

Since respondent has filed no brief, we have before us only the arguments of appellant as stated in his brief. No oral argument was made in this court on behalf of either party.

Appellant's sole argument with respect to assignment of error No. 1 is that, under Rule of Pleading, Practice and Procedure 3, 34A Wn. (2d) 69, the court had no discretion, and that it was mandatory that the motion be granted. Rule 3 reads:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, . . ."

▆ Appellant's first assignment is without merit. Rule of Pleading, Practice and Procedure 3 has no application here. The rule applies only to situations where the plaintiff neglects to note the cause for hearing within one year after an issue of law or fact has been joined.

Here the case was not only noted for trial within the year but was actually heard by the court in September, 1956. At the conclusion of that hearing on the paternity issue, the trial court rendered an oral decision wherein it found that appellant was the father of Raymond. No formal finding to that effect was made until August 8, 1958, but appellant is not objecting in this respect. The court never indicated that a further hearing should be had with regard to the question of Raymond's *paternity* since, in its oral opinion of September 6, 1956, the court had already found appellant to be the father. At that time, the court contemplated that further consideration should be given to the matter of Raymond's *custody and support,* and indicated that, as to that matter,

the hearing would be continued to a time *to be fixed by the court.*

In our opinion, Rule 3 was not intended to control a trial court's discretion in continuing the trial of issues being heard by it to a future date in such manner as it deems proper. After a trial actually begins, Rule 3 is of no force or effect as to the particular issues involved therein. As to when and in what manner the trial shall be conducted, the trial court has complete discretionary control, and the moving party has no obligation under Rule 3 if the court fails to resume hearings for one year or more.

Thus, in the final analysis, what we have here is a case in which all the issues of fact were originally noted for trial within a year after the issues were joined but had not in fact been completely disposed of within a year after the trial was concluded. Rule 3, *supra,* does not require a case to be completely tried at one time within a year from the date that issues are joined. As we stated in *Friese v. Adams,* 44 Wn. (2d)' 305, 267 P. (2d) 107 (1954):

" . . . Rule 3 does not require a case to be tried within a year from the date that issues are joined, nor does the rule require that the action be set for trial when the year ends.

"The rule requires that, within one year after issues are joined, the moving party must 'note the action for trial or hearing' in order to avoid dismissal for want of prosecution.

"The method of noting an action for trial consists of giving to the opposing party the statutory notice provided for by RCW 4.44.020. When such statutory notice is properly given, the running of the one-year period set by Rule 3 is tolled.

"That the giving of the statutory notice required by RCW 4.44.020 is a sufficient noting of the action for trial, was recognized by this court in *In re Ellern,* 29 Wn. (2d) 527, 188 P. (2d) 146."

With respect to assignment of error No. 2, appellant's position is that the evidence preponderates against the trial court's findings on the paternity issue, and that appellant was worthy of belief, whereas respondent, due to her past conduct, was not.

The question of paternity was solely one of fact

which, for the most part, involved merely an evaluation of the testimony given by appellant and by respondent. What we said in *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn. (2d) 570, 343 P. (2d) 183 (1959), applies here:

"The findings are amply sustained by the proofs. If we were of the opinion that the trial court should have resolved the factual dispute the other way, the constitution does not authorize this court to substitute its findings for that of the trial court. . . ."

The judgment of the trial court in all respects is affirmed.

WEAVER, C. J., MALLERY, OTT, and HUNTER, JJ., concur.