[No. 35007. Department Two. January 28, 1960.]

MALCOLM M. STEWART *et al., Appellants,* v. AGNES SMITH, *Respondent.*[1]

*James M. Stewart,* for appellants.
*Paul O. Manley,* for respondent.

FINLEY, J.—The parties to this action are owners of adjoining lots in the city of Aberdeen. The plaintiffs seek to recover damages for an alleged undermining of lateral support, claiming that the defendant, her deceased husband, or their predecessors in interest, had by excavation created an earth bank between the two lots, and that this bank had not been properly retained, with the result that earth from the plaintiffs' land had slipped or sloughed off during the period immediately prior to the commencement of this action.

On the basis of conflicting evidence, the trial judge entered findings to the effect that (1) the bank in question

[1]Reported in 348 P. (2d) 970.

had not been excavated by the defendant, her husband, or their predecessors; (2) that the bank had not been improperly retained; and (3) that such slippage as had occurred "was due to the removal of ivy and other natural growth by the plaintiffs." He thereupon dismissed the action with prejudice.

■ With one exception, the appellants' assignments of error relate to the findings of fact. As noted above, these findings were based upon conflicting evidence. In such a case the appellate function begins and ends with a determination of whether the findings are supported by substantial evidence. We will not re-try questions of fact involving substitution of our judgment for that of the trial court. *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 343 P. (2d) 183, and cases cited therein. From our examination of the record, we have concluded there is evidence to support the findings of the trial court.

■ The remaining assignment of error questions the action of the trial court in entering judgment of dismissal with prejudice. However, the judgment was entered after a trial on the merits. All that the appellants had to offer in support of their claim was before the court, and the respondent was entitled to a judgment that would be *res judicata* and finally settle the controversy. Dismissal with prejudice was, therefore, proper. *Caldwell v. Williams* (1936), 187 Wash. 501, 60 P. (2d) 28.

The judgment should be affirmed. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.