[No. 35129. Department Two. May 5, 1960.]

W. G. GILBERT, *Respondent*, v. R. E. ROGERS *et al.*,
*Appellants.*[1]

*Olwell & Boyle* and *Pomeroy & Harris*, for appellants.

*Parker Williams* and *Edward J. Novack*, for respondent.

PER CURIAM.— We have here another appeal involving only a factual dispute which the trial court resolved upon conflicting evidence. Again we restate the rule applicable under such circumstances: The appellate function begins and ends with ascertaining whether or not there is substantial evidence supporting the findings of fact. If so, the judgment must be affirmed. This court does not retry factual disputes.

[1]Reported in 351 P. (2d) 535.

The appellants, defendants below, appeal from a judgment against them on two causes of action, the first for fraud in inducing the respondent to enter into a logging contract, and the second for the breach of an oral contract to construct a logging road. Although appellants make fourteen separate assignments of error, the essence of all is only a dispute of fact which the court resolved on sharply conflicting evidence.

■ The gravamen of the respondent's charge in the fraud action was that the appellant Rogers pointed out to him the boundaries of his tract of timber as including a very valuable stand. However, this belonged to the government. Respondent testified without equivocation or evasion that the contract would not have been made except for the representations respecting the boundaries. It would have been profitable to log the government timber, but no profit could be made in logging appellants' timber which was inferior. Respondent proved appellants' misrepresentations by himself and other witnesses. Such representations were denied by the appellants in which they were supported by others. The court specifically found that the appellant Rogers testified falsely in such denials, and that the court did not believe the appellant or his witnesses but that, on the other hand, the testimony of the respondent's witnesses had the ring of truth. The decision on this dispute of fact was distinctly for the trial court and is not subject to review. *Thorndike v. Hesperian Orchards*, 54 Wn. (2d) 570, 343 P. (2d) 183; *Kelly v. Kelly*, 55 Wn. (2d) 494, 348 P. (2d) 652; *Stewart v. Smith*, 55 Wn. (2d) 563, 348 P. (2d) 970.

■ In the second cause of action for breach of the oral contract to construct the road, the appellants pleaded in defense the statute of limitations. Upon conflicting evidence, the court found that the action to recover the contract price was timely. Respondent's proof showed that the work was done within the time limited by law while the appellants' evidence was to the contrary. That dispute cannot be retried here.

Affirmed. The respondent will recover costs.