[No. 35184.   Department Two.   August 11, 1960.]

GEORGE G. SCHUTZ, *Respondent*, v. JOE SCHUTZ *et al.*, *Appellants*.

*Chaffee & Aiken*, for appellants.

*Horton & Wilkins*, for respondent.

FOSTER, J.—Respondent George Schutz sued appellants, his son and daughter-in-law, to quiet his title to a tract of land, and to recover personal property and money.

Over a period of seven years from 1951, various sums of money were transferred from the father to the son; likewise, various sums were transferred from the son to the father. The father alleged that certain items of personalty were loaned by him to his son, but the trial court held that, excepting an oil heater and recapped truck tires, the burden of proof as to such items was not sustained.

On October 26, 1954, the father deeded real property to his son. It is undisputed that no money was paid. Respondent continued to live on the land. He contends that the property was deeded to his son to hold for him and to be returned upon request. The son refused to return the property or balance the money accounts. Whereupon, respondent sued. The trial court treated the matter as an accounting with respect to the money, and, on substantial evidence, decided that the son had received $780.67 more than he had given, for which amount the father recovered judgment. The court decreed the release of the lien of the son against a pickup truck and a trailer owned by the father, and quieted the father's title to the real property.

Appellants make ten assignments of error which reduce into three arguments. We treat them in order.

[1] Reported in 354 P. (2d) 694.

"1. Respondent defrauded the State of Washington, the United States and the public in his application for, and in the annual reports later made, to secure and under which he secured Old Age Assistance to the extent of $4222.90, under the admitted facts in this case, and he does not come into Court with clean hands in connection with the property in controversy."

Therefore, appellants contend, the court should not grant respondent the relief requested.

The facts are otherwise, however. Respondent began receiving assistance regularly in June, 1955. The Benton-Franklin counties welfare director for the state department of public assistance testified, without contradiction, that respondent had advised the department of the moneys he had received from various sources, and that the sole property which respondent did not declare, the land here involved, was immaterial to respondent's eligibility for old age assistance. The sole possible falsification was with respect to rent respondent claimed he was paying appellants, but the rent had no bearing on respondent's eligibility for assistance, which rental allowance the department terminated in January, 1958. Certainly, the possible falsification as to rental payments had no relevance to the transfer of the property, and is not controlling. If the property were transferred to attain eligibility in violation of law, the matter would be different. But such is not this case.

The trial court made no finding of illegality on the facts before it, and could not properly have done so. The court correctly left that problem to investigation and determination by the welfare department.

Appellants' contention that the property transfer was for the purpose of defrauding the government has no basis in the record, and was correctly rejected by the trial court.

"2. Respondent pitched his amended complaint upon the theory that he conveyed the real estate in question to defendants to be held in trust but failed to introduce or offer any testimony, either oral or in writing, that an express trust was created."

The trial court did not decide the dispute on the theory of an express trust. There was substantial evidence, admitted without objection, to support other theories. The pleadings are amended to conform to the proofs. *Krenov v. West Coast Life Ins. Co.*, 48 Wn. (2d) 180, 292 P. (2d) 209. There was evidence that the property was transferred to appellants as security for past or future advances to respondent father. It was further found that there was no consideration paid for the deed. The evidence supported the court's theory of an equitable mortgage or a constructive trust.

"3. Respondents made a gift to appellants of the real property described in (Ex. 4.), the pickup truck, the $1,500.00 check bail money (Ex. 11.), and the $1,372.44 insurance check."

The trial court considered this contention, and, on substantial evidence, specifically found to the contrary. We do not retry such disputes. *Zvolis v. Condos, ante* p. 275, 352 P. (2d) 809; *Thorndike v. Hesperian Orchards,* 54 Wn. (2d) 570, 343 P. (2d) 183; *Kelly v. Kelly,* 55 Wn. (2d) 494, 348 P. (2d) 652; *Stewart v. Smith,* 55 Wn. (2d) 563, 348 P. (2d) 970.

Affirmed.

Weaver, C. J., Hill, Finley, and Rosellini, JJ., concur.