[No. 35687. Department One. March 2, 1961.]

WALTER E. ANDERSON et al., Respondents, v. LEO N. JORGENSON et al., Appellants.[1]

[1]Reported in 359 P. (2d) 1039.

*Don Cary Smith,* for appellants.

*Brodie & Fristoe,* for respondents.

WEAVER, J.—Defendants limit their appeal to a single issue: Did the trial court err when it entered final judgment instead of granting defendants' motion to dismiss the action for want of prosecution, pursuant to Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0? Specifically, the question is whether Rule 41.04W applies to the period after trial between the court's memorandum decision and the entry of final judgment.

Issues of law and fact, joined by the complaint, answer, and reply, were noted for hearing and tried to the court December 18, 1957. May 9, 1958, the court issued its memorandum decision in favor of plaintiffs.

Almost a year and a half later, plaintiffs served and noted for presentment their proposed findings of fact, conclusions of law, and judgment. Defendants countered with their motion to dismiss in accordance with Rule 41.04W.

July 21, 1960, the trial court denied defendants' motion to dismiss and entered judgment against them.

Rule of Pleading, Practice and Procedure 41.04W, RCW Vol. 0, provides:

"(a) Dismissal on Motion of Parties. Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff . . . neglects *to note the action for trial or hearing* within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. . . ." (Italics ours.)

■ We agree with defendants' (appellants') contention that application of Rule 41.04W is not necessarily confined to issues of law or fact raised by pleadings *prior* to trial; it may, in certain circumstances, be applicable to *new* issues raised after trial.

*In re Ellern*, 29 Wn. (2d) 527, 188 P. (2d) 146 (1947), and *Caldwell v. Caldwell*, 30 Wn. (2d) 430, 191 P. (2d) 708 (1948), are illustrative.

In the *Ellern* case, *supra*, the trial court sustained a demurrer and dismissed a petition to vacate a judgment. This court reversed and remanded the case for futher proceedings. The petition to vacate the judgment having been revived, Rule 41.04W (former Rule 3) attached, and the petition was subject to dismissal one year after the remittitur was filed in the superior court.

In the *Caldwell* case, *supra*, this court held Rule 41.04W applicable to a motion to vacate a judgment.

In both cases, *new* issues of law or fact were raised after judgment. Such is not the situation of the instant case; no new issues have been raised after trial; the cited authorities are not apposite.

■ Although the reasons for the rule are salutary (*State ex rel. Goodnow v. O'Phelan*, 6 Wn. (2d) 146, 106 P. (2d) 1073 (1940)), and the application of the rule is mandatory and not discretionary *(State ex rel. Washington Water Power Co. v. Superior Court*, 41 Wn. (2d) 484, 250 P. (2d) 536 (1952); *McDowell v. Burke*, ante p. 794, 359 P. (2d) 1037 (1961)), we are not inclined to extend the scope beyond the clear limits stated in the rule itself.

■ The issues in the instant case were noted for trial; the requirements of the rule were satisfied. No *new* issues were injected between the court's memorandum decision and the entry of judgment. At this stage, there was nothing to which the rule was applicable.

Our conclusion that the judgment of the trial court must be affirmed is supported by the *rationale* of our decision in *Kelly v. Kelly*, 55 Wn. (2d) 494, 497, 348 P. (2d) 652 (1960), wherein we said:

" . . . After a trial actually begins, Rule 3 [41.04W] is of no force or effect *as to the particular issues* involved therein. . . . " (Italics ours.)

Although this case is not a model of speedy administration of justice—the complaint was verified October 31, 1955—it was not error for the trial court to deny defendants'

motion to dismiss for want of prosecution upon the facts disclosed in the record before us.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.