[No. 30417.    Department One.    October 28, 1948.]

C. W. GOODWIN *et al., Appellants,* v. W. A. CASTLETON *et al., Respondents.*[1]

*E. D. Phelan,* for appellants.

*Little, Leader, LeSourd & Palmer* and *Ira D. Orton,* for respondents.

[1]Reported in 198 P. (2d) 678.

BEALS, J.—This case has already been before this court, on appeal by the plaintiffs from a decree entered by the superior court, March 8, 1943, *Goodwin v. Castleton,* 19 Wn. (2d) 748, 144 P. (2d) 725, 150 A. L. R. 859. The decree appealed from was affirmed.

Upon receipt of the remittitur, the superior court, in accordance with the provisions of the decree above referred to, proceeded to determine several issues in the case which were expressly reserved by the decree for future decision, namely, whether the superior court should fix and allow an attorney's fee to be paid to plaintiffs' counsel, together with an award of costs in favor of the plaintiffs.

These undetermined issues between the parties, which were pending upon plaintiffs' motion and petition that the court fix and allow a reasonable fee to be paid plaintiffs' counsel, fix the amount of expenses and costs incurred by plaintiffs, and enter judgment against defendants therefor, and defendants' denial of the allegations in plaintiffs' petition, in due time came on regularly before the court for decision, with the result that, January 27, 1945, the superior court entered a "decree" (to which we shall refer as an order) denying plaintiffs' petition and dismissing the same with prejudice.

January 26, 1946, one day prior to the expiration of the period of one year after the entry of the order above referred to, plaintiffs filed their petition asking for vacation of the order, supported by the affidavit of their attorney stating the grounds upon which the petition was based. On the same day, plaintiffs procured an order requiring the defendants to appear before the superior court, March 26, 1946, and show cause why the order of January 27, 1945, should not be vacated. No service of this order is disclosed by the transcript, and apparently it is agreed that the order to show cause was never served, nor ever became effective for any purpose, and that no hearing pursuant thereto was ever had.

April 15, 1947, plaintiffs procured a second order requiring the defendants to appear before the superior court, June

24, 1947, and show cause why plaintiffs' petition to vacate the order above referred to should not be granted.

The defendants, May 9, 1947, moved to dismiss plaintiffs' petition to vacate the order of January 27, 1945, upon the ground that the petition had not been noted for hearing within the time limited by law, and upon other grounds stated in their motion and the affidavit of defendants' counsel filed in support thereof. The defendants noted their motion for hearing, and the matter came on regularly to be heard before the Honorable Clay Allen, a judge of the superior court for King county. June 12, 1947, the court filed its memorandum opinion directing that plaintiffs' petition to vacate the judgment be dismissed, and, June 27, 1947, the court entered a formal order dismissing plaintiffs' petition to vacate the order of January 27, 1945. From this order, plaintiffs have appealed.

Appellants make several assignments of error, all based upon the order of the superior court, entered June 27, 1947, denying their petition above referred to and dismissing the same with prejudice.

Appellants' petition to vacate the order was seasonably filed; but it is admitted that appellants did not bring the matter before the superior court for hearing within one year from the date it was filed, their petition having been brought before the court for consideration as above set forth, the hearing resulting in the entry of the order dismissing appellants' petition to vacate the order of January 27, 1945, from which order this appeal has been prosecuted.

In the case of *Caldwell v. Caldwell*, 30 Wn. (2d) 430, 191 P. (2d) 708, we held that Rule of Practice 3, 18 Wn. (2d) 32-a, which provides that

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party,"

is applicable to a petition to vacate a judgment.

Pursuant to the rule, as construed by this court in the case cited, appellants' "motion to vacate judgment and decree" was subject to dismissal for want of prosecution, under Rule of Practice 3, after the expiration of one year from the date of its filing, if appellants had not noted the petition for hearing within that period.

While admitting that the *Caldwell* case is controlling, if appellants' petition be considered merely as a petition to vacate the order against which it was filed, appellants contend that, in view of the grounds upon which their petition was based, the same should be considered as a bill or proceeding in equity, arguing that the order was entered under circumstances which amount, in law, to fraud, and that, notwithstanding appellants' delay in bringing the matter on for hearing, they were nevertheless entitled to the relief which they asked, considering their petition as an equitable proceeding.

Appellants base their petition to vacate the order of dismissal, entered January 27, 1945, upon several alleged "frauds," as appellants call them, practiced by respondents prior to the entry of the order, appellants setting forth in detail, in the affidavit of their counsel filed in support of their petition to vacate, the acts which they contend were wrongful and upon which they relied as sufficient grounds for vacating the order.

In support of their contention that this petition should now be considered as a bill in equity and, for that reason, beyond the scope of Rule of Practice 3, appellants cite several authorities.

It may be assumed that an allegation that a judgment rendered was based on fraud, which was not discovered until after the statutory period of limitation controlling the filing of a petition to vacate had expired, might well support an equitable proceeding to vacate the judgment, instituted within the period of limitation after the discovery, by the moving party, of the fraud. *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757. No such question is here presented.

Appellants cite the case of *King County v. Rea,* 21 Wn. (2d) 593, 152 P. (2d) 310, in which we held that a decree,

entered in a tax foreclosure proceeding, which affirmatively shows on its face that the court lacked jurisdiction over the subject matter of the action, is subject to attack after the expiration of the statutory limitation. The case is not here in point.

From the statement of facts and the memorandum opinion of the trial court included therein, it appears that, during the hearing which resulted in the entry of the order from which appellants have appealed, counsel for appellants contended that the order which appellants sought to set aside had been procured by fraud and that such fraud was shown by the record.

The trial court correctly ruled that the order to show cause on the petition to vacate the order of January 27, 1945, procured by appellants January 26, 1946, which was not served and pursuant to which no hearing was ever had, was, in effect, a nullity, in so far as any attempt by appellants to procure a hearing upon their petition was concerned, and found that no other steps were taken by appellants to obtain a hearing upon their petition until the entry of the order to show cause, dated April 15, 1947, in connection with which order the hearing was had that resulted in the entry of the order from which appellants have appealed.

In the trial court's memorandum opinion, which is included in the statement of facts, the court summed up the situation as follows:

"No action has been taken for a period of more than a year from and after January 27, 1945, within the meaning and import of Rule 3 as it has been interpreted. The present case should be dismissed, and it is so ordered."

The formal order, thereafter entered and from which appellants have appealed, concludes with the following paragraph:

"IT IS FURTHER ORDERED, ADJUDGED and DECREED that plaintiffs' application to vacate the Judgment and Decree entered herein on January 27, 1945, be and the same is hereby dismissed with prejudice, for the reason set forth in the court's Memorandum Opinion on file herein, to all of which the plaintiffs except, which exception is allowed."

■ We see no reason why Rule of Practice 3, which refers to "any civil action," should not apply to equitable, as well as legal, proceedings. This statement, of course, is subject to certain exceptions in equitable matters, such as lack of knowledge, none of which are present in the case at bar. Whether appellants' petition to vacate be considered legal or equitable in its nature, is here immaterial.

Without expressing any opinion as to whether or not the matters upon which appellants rely, which occurred prior to the entry of the order which appellants seek to vacate, would justify the granting of any relief to appellants, we hold that, upon the record, the trial court did not err in deciding that Rule of Practice 3 was applicable to the situation before the court, and that appellants' petition to vacate the order of January 27, 1945, was subject to dismissal pursuant to that rule.

■ Rule of Practice 3 provides that any order of dismissal entered pursuant thereto shall be "without prejudice." The order appealed from dismissed appellants' petition "with prejudice." This provision of the order is erroneous.

The cause is remanded to the superior court, with instructions to delete that portion of the order dismissing the petition to vacate the order of January 27, 1945, "with prejudice." In all other particulars, the order appealed from is affirmed.

In view of the above modification of the order appealed from, no costs will be taxed in this court in favor of either party.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.