[No. 31047. Department One. December 13, 1949.]

CHARLES L. STICKNEY, *as Trustee, Appellant,* v. THE PORT OF OLYMPIA, *Respondent.*[1]

*Pebbles & Kuykendall,* for appellant.

*Brodie & Brodie* and *John S. Lynch, Jr.,* for respondent.

[1]Reported in 212 P. (2d) 821.

GRADY, J.—This is an appeal from an order dismissing an action for lack of diligent prosecution. On May 19, 1947, Midfield Packers, a copartnership, commenced two actions to recover damages against the Port of Olympia. On February 3, 1949, the trustee in bankruptcy for Midfield Packers was substituted as party plaintiff. The defendant served a notice of appearance June 9, 1947, and filed it February 2, 1949. No motion or pleading was served or filed by defendant.

The state of Washington intervened June 19, 1947. The complaint in intervention prayed that, in the event the plaintiffs prevailed, the intervener be awarded out of any recovery certain sums of money alleged to be owing to it by the copartnership. After the trustee in bankruptcy was appointed, the intervener dismissed its complaint.

The plaintiffs took no further action in the cases other than to secure an order of the court dismissing one of them from the case, an order consolidating the two cases, and an order substituting the trustee in bankruptcy. On the same day that the defendant approved the form of the order for substitution of party plaintiff (January 29, 1949), it served a motion to dismiss the actions based upon Rule of Practice 3, or in the alternative to dismiss for want of diligent prosecution. This was filed February 4, 1949. On February 3, 1949, the plaintiff served and filed a motion for an order adjudging the defendant to be in default.

The court entered an order denying the motion for default and dismissing the actions "for lack of diligent prosecution." The order of dismissal was based upon a previous written opinion of the court, from which it appears that the court was of the view that Rule 3 applied and that the actions must be dismissed. On the face of the order, there may be room for a difference of opinion as to whether the dismissal was based upon both grounds of the motion, but when construed in the light of the written opinion, it is clear that the dismissal was upon the ground provided by Rule 3, and that the court did not in any way exercise its discretionary power to dismiss for want of diligent prosecution.

Rule 3 of Rules of Practice is as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss."

We decided in *State ex rel. Dawson v. Superior Court*, 16 Wn. (2d) 300, 133 P. (2d) 285, that even though it be held that the rule does not apply in a given case, a court of general jurisdiction has the inherent power to dismiss pending actions if not diligently prosecuted, the exercise of such power, in the absence of statute or. rule of court, being in the discretion of the court. This power exists even though there is no issue of law or fact pending at the time the application for dismissal for want of prosecution is heard. *Seely v. Gilbert*, 16 Wn. (2d) 611, 134 P. (2d) 710.

We have before us the unusual situation where a defendant who has served and filed nothing but a notice of appearance seeks either to invoke Rule 3 or the general rule of law relative to dismissal for want of prosecution. The basis of the request of the defendant, in so far as Rule 3 is concerned, must necessarily be upon the theory that the complaint in intervention joined some issue of law or fact with the complaint.

We have been very liberal in our construction and application of the rule in order that its purpose might be fully served. We have decided that issues are raised or joined by demurrers and motions directed to complaints, and that by operation of statute an issue is joined by the filing of a motion to vacate a judgment, and that such issues arise whenever in the progress of a legal action or proceeding it becomes necessary and proper to decide a question of law or fact. *State ex rel. Lyle v. Superior Court*, 3 Wn. (2d) 702, 102 P. (2d) 246; *State ex rel. Goodnow v. O'Phelan*, 6 Wn. (2d) 146, 106 P. (2d) 1073; *Caldwell v. Caldwell*, 30 Wn. (2d) 430, 191 P. (2d) 708.

■ An examination of the complaint in intervention convinces us that no issue of law or fact was joined with the allegations of the complaint within the meaning of Rule 3. The intervener prayed for a money judgment and placed itself in the position of a bystander awaiting the outcome of the main actions. If the defendant prevailed, the interveners expected nothing from it, but if the original plaintiffs secured a judgment, then the interveners desired that certain excise taxes owing by the plaintiffs would be made available to it out of such recovery. The plaintiffs joined no issue of law or fact with the intervener. We are therefore of the opinion that Rule of Practice 3 does not apply to the facts of this case.

The court not having exercised its discretion as to whether the actions should have been dismissed for want of prosecution independent of Rule 3, we have nothing to review on that branch of the motion to dismiss. The parties to the action are entitled to have the trial court consider and determine whether the action should be dismissed for want of prosecution independent of Rule 3, and the cause is remanded to that court for further proceedings. Neither party shall recover costs or disbursements in this court.

SIMPSON, C. J., BEALS, SCHWELLENBACH, and DONWORTH, JJ., concur.

---

January 19, 1950. Petition for rehearing denied.