[No. 32212. Department One. November 13, 1952.]

THE STATE OF WASHINGTON, *on the Relation of The Washington Water Power Company et al., Plaintiff*, v. THE SUPERIOR COURT FOR CHELAN COUNTY, *Fred Kemp, Judge, Respondent.*[1]

[1]Reported in 250 P. (2d) 536.

*Paine, Lowe & Coffin* and *R. D. Kendall,* for relators.

*Harvey F. Davis, Sam R. Sumner, Sr.,* and *Sam R. Sumner, Jr.,* for respondent.

WEAVER, J.—What effect, if any, does a written stipulation, that an action cannot be noted for trial by either counsel before an agreed date, have upon the application of Rule 3, Rules of Pleading, Practice and Procedure, 34A Wn. (2d) 69, which reads:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or

hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

October 30, 1945, public utility district No. 1 of Chelan county, a municipal corporation (to which we will refer hereafter as the "district") filed a petition in eminent domain seeking condemnation of certain properties owned by The Washington Water Power Company. After various motions and demurrers had been disposed of, the court, on November 19, 1948, entered a decree of public use and necessity. The decree was reviewed and affirmed by this court. *State ex rel. Washington Water Power Co. v. Superior Court,* 34 Wn. (2d) 196, 208 P. (2d) 849 (1949). An appeal to the United States supreme court was dismissed March 13, 1950, for want of a substantial Federal question. *State ex rel. Washington Water Power Co. v. Superior Court,* 339 U. S. 907, 94 L. Ed. 1335, 70 S. Ct. 572. The mandate of the United States supreme court was filed with the clerk of this court on May 1, 1950.

To this point, the case had been vigorously prosecuted and strenuously resisted.

On April 3, 1951, counsel for the district wrote counsel for the power company:

"I do not want our condemnation action against the Chelan Dam to get into position where it may be dismissed for want of prosecution under the State statute, and at the same time have no wish at the moment to bring the matter on for trial.

"I wonder if you would be willing to stipulate with me to the effect that the action shall not be set down for trial by either party until at least 90 days from date.

"I don't know at the moment which is the date from which the one year's statute would commence to run, so I want to be on the safe side. . . ."

On April 4, 1951, counsel for the power company replied:

"We would be willing to stipulate that *neither party* will note the case for setting for trial prior to September 1st.

If the case is to be tried I don't want to have to start getting ready for it in the middle of the summer." (Italics ours.)

As a result of this correspondence, counsel prepared, signed and filed on April 12, 1951, a stipulation, thus meeting the requirements of Superior Court Rule 10, 34A Wn. (2d) 114. The stipulation provided:

". . . that neither party shall bring on or note the above entitled cause for setting for trial prior to September 1st, 1951, and that the court is hereby requested to enter an order in accordance with the terms of this stipulation."

Determining that it was unnecessary, the trial court did not enter the requested order.

Nothing further occurred until April 15, 1952, when counsel for the district wrote counsel for the power company inquiring whether the company would be willing to negotiate a sale of the property involved in the condemnation proceeding; if not, the district would proceed with the action. On April 22, 1952, the company filed its motion to dismiss for want of prosecution under Rule 3, heretofore set forth.

On June 18, 1952, the trial court entered its order denying the company's motion to dismiss, and, on the same day, set the cause for trial on January 5, 1953, on the issue of value of the property sought to be condemned. The order denying the motion to dismiss is before us now upon writ of review.

■ After argument upon the power company's motion to dismiss, the counsel for the company presented proposed findings of fact and conclusions of law. They were refused by the trial court. This was not error. Although Superior Court Rule 17, 34A Wn. (2d) 118, requires the trial court to make findings of fact in all cases, legal or equitable, it is not the purpose of the rule to require findings of fact and conclusions of law where they were not formerly required in actions at law. The issue presented to the trial court was purely one of law. Hence, no findings of fact were required. See *Lamar v. Anderson*, 71 Wash. 314, 128 Pac. 672; *State ex rel. Tollefson v. Novak*, 7 Wn. (2d) 544, 110 P. (2d) 636; *Cochran v. Nelson*, 26 Wn. (2d) 82, 173 P. (2d) 769.

The power company contends: that issue was joined May 1, 1950, the date the mandate of the United States supreme court was filed with the clerk of this court; that since the period from May 1, 1950, to April 12, 1951, was 18 days short of a year, the district had 18 days *after September 1, 1951, to note the case for trial*; that not having done so, the case was subject to dismissal under Rule 3 on September 18, 1951.

Upon inquiry at oral argument, the district limited its contention, and argued that it could not be deemed in default under the rule until the expiration of one year after September 1, 1951, the date the stipulation expired.

Rule 3, which became effective in 1938,

" . . . was adopted and promulgated by this court for the specific purpose of preventing, or at least of placing a limit upon, a practice under which many cases that had been long neglected, or had even been abandoned, were yet allowed to remain upon the docket of the trial court and to retain the appearance of being alive upon the records of the clerk. The procedure through which it formerly was necessary to go in order to rid the docket of such cases had been found to be uncertain as well as unsatisfactory in its result.

"To remedy the prevailing condition and to furnish the superior courts with some definite standard by which to deal with such situations when brought to their attention, the rule was inaugurated. Its purpose was not simply to dispose of those cases wherein an unreasonable length of time had been allowed to elapse after a demurrer, answer, or reply had been filed, but to cover all cases wherein for any reason the vice of procrastination existed. Permitting a case to slumber indefinitely upon some preliminary motion, is just as . . . frequent an occurrence, as is that of permitting delay after the filing of the main, or essential pleadings." *State ex rel. Goodnow v. O'Phelan*, 6 Wn. (2d) 146, 151, 106 P. (2d) 1073.

The provisions of the rule are mandatory. When the condition of the record is such that the rule applies, the court has no discretion. It must, upon motion, dismiss the action. *State ex rel. Lyle v. Superior Court*, 3 Wn. (2d) 702, 102 P. (2d) 246; *State ex rel. Goodnow v. O'Phelan, supra*; *State ex rel. Seattle v. Superior Court*, 6 Wn. (2d)

540, 108 P. (2d) 342; *State ex rel. Woodworth & Cornell v. Superior Court,* 9 Wn. (2d) 37, 113 P. (2d) 527; *State ex rel. Dawson v. Superior Court,* 16 Wn. (2d) 300, 133 P. (2d) 285; *Craig v. Clearwater Concentrating Co.,* 21 Wn. (2d) 530, 151 P. (2d) 828.

■■ In applying the rule, the court cannot consider the merits of the case nor the hardship which its application may bring, even though the cause of action may, if dismissed without prejudice, be barred by the statute of limitations. *State ex rel. Lyle v. Superior Court, supra.* The obligation of going forward to escape the operation of the rule always belongs to the plaintiff (or cross-complainant) and not to the defendant. *State ex rel. Lyle v. Superior Court, supra; State ex rel. Philips v. Hall,* 6 Wn. (2d) 531, 108 P. (2d) 339. Nor can the plaintiff, by making an offer of settlement, extend the time for bringing his case on for trial. *State ex rel. Pacific Fruit and Produce Co. v. Superior Court,* 22 Wn. (2d) 327, 155 P. (2d) 1005; See *State ex rel. Philips v. Hall, supra.*

■ In order to obtain a dismissal under the provisions of Rule 3, a movant must show: (1) that an issue of law or fact was outstanding for a year; (2) that the complainant failed to note it for trial within one year after the issue arose; and (3) that the failure to note the cause for trial was not caused by the movant.

In *State ex rel. Goodnow v. O'Phelan, supra,* we said:

"An issue of law or an issue of fact arises whenever in the progress of a legal action or proceeding it becomes necessary and proper to decide a question of law or a question of fact. . . . In adopting the rule, this court did not use the phrase 'any issue of law or fact' in the narrow and technical sense in which those words had been used in Rem. Rev. Stat., §§ 309, 310, and 311, but in the broader and more accurate sense of having reference to every issue of law or fact, however raised." (pp. 150, 152.)

■ However, if there is no issue of law nor fact joined, then the rule has no application. *State ex rel. Von Herberg v. Superior Court,* 6 Wn. (2d) 615, 108 P. (2d) 826; *Stickney v. Port of Olympia,* 35 Wn. (2d) 239, 212 P. (2d) 821. Thus

it is apparent, that each case moves in and out of the operation of the time limit fixed by Rule 3 as issues of law or issues of fact are raised and decided. Once the time has begun to run, it is terminated and ended when such issues are dissipated. It commences anew when another such issue is raised.

■■ The exercise of the power of eminent domain is a special proceeding ordinarily involving the entry of three separate judgments. *State ex rel. Grays Harbor Logging Co. v. Superior Court,* 100 Wash. 485, 171 Pac. 238. The first is a decree of public use and necessity. The second is a judgment fixing the amount of the award, and the third is the final decree transferring title. An answer is neither necessary nor proper to a petition in eminent domain. *State ex rel. McPherson Bros. Co. v. Superior Court,* 148 Wash. 203, 268 Pac. 603, and cases cited; RCW 8.04.080. Consequently, as soon as the decree of public use and necessity became final, by the filing of the mandate of the United States supreme court on May 1, 1950, an issue of fact was joined on the amount to be awarded the company as just compensation. No further pleading was necessary on the part of the district.

■ Upon the filing of a petition or upon the return day of a writ, to which a responsive pleading is not required, an issue of law or an issue of fact is joined, and the time limit of Rule 3 commences to run. *Caldwell v. Caldwell,* 30 Wn. (2d) 430, 191 P. (2d) 708; *Goodwin v. Castleton,* 31 Wn. (2d) 701, 198 P. (2d) 678; *State ex rel. Buchanan & Co. v. Washington Public Service Commission,* 39 Wn. (2d) 706, 237 P. (2d) 1024. In *In re Ellern,* 29 Wn. (2d) 527, 188 P. (2d) 146, we had previously reversed an order dismissing a petition to set aside a judgment finding the petitioner insane. We held that an issue of fact was joined when the remittitur was filed in the superior court and not when a formal order was thereafter entered by the superior court overruling the demurrer. The case was dismissed for want of prosecution.

It is apparent that an issue of fact was joined in this case May 1, 1950. Determination of the value of the property was then ready for trial.

Although Rule 3 has been considered by the court in at least twenty of its prior decisions since its adoption, this is the first time we have been called upon to interpret and apply it to a written stipulation wherein counsel have agreed that *neither* party shall note the case for setting for trial prior to a definite date.

The answer to the problem involved is suggested in *State ex rel. Heyes v. Superior Court*, 12 Wn. (2d) 430, 121 P. (2d) 960, although not directly decided. Issue was joined March 23, 1940. The case was set for trial on December 11, 1940. However, on December 6, 1940, the trial was vacated "by an order *approved by both parties.*" (Italics ours.) On December 18, 1941, defendant filed a motion to dismiss the action on the ground that it had not been brought on for trial within the time required under Rule 3. No proceedings occurred in the case between December 6, 1940 (the date the trial was vacated *by agreement* of the parties) and December 18, 1941 (the date of the motion to dismiss).

When we note that more than a year and nine months elapsed between the date the case was *at issue* and the date the motion to dismiss was filed, the following language of the court becomes significant:

"As appears in the return of the court, more than one year elapsed between *December 6, 1940*, when an order was entered vacating the previous assignment for trial, and December 18, 1941, when the motion to dismiss for want of prosecution was filed. When the time fixed by Rule III has expired, it becomes the mandatory duty of the court, as a matter of law, to dismiss the action." (Italics ours.)

Thus the court dated time under Rule 3 *from the date of the agreement between the parties vacating the setting*, and ignored the period between the date of issue (March 23, 1940) and the date the cause was set for trial.

In the *Heyes* case, *supra*, more than a year had passed between the date the case was at issue, and the date the motion to dismiss was filed; and more than a year had

passed between the date the parties mutually agreed to vacate the trial and the date the motion to dismiss was filed.

In the instant case, more than a year has passed between the date the case was at issue (May 1, 1950) and the date of the motion to dismiss (April 22, 1952). However, *less than a year passed between the expiration date of the stipulation* (September 1, 1951) *and the date of the motion to dismiss.*

*State ex rel. Seattle v. Superior Court, supra,* an *En Banc* decision, is cited, analyzed, and discussed by counsel for both parties. In it, summons and complaint were served November 23, 1938. The case was at issue December 1, 1938, when the city served and filed its answer. After having been noted for setting March 14, 1939, and set for trial on September 26, 1939, the trial was continued to November 16, 1939. However, on November 14, 1939, the cause was stricken from the trial calendar "at the request of the plaintiffs and *with the consent of defendant's counsel.*"

July 25, 1940 (eight months and eleven days after the case had been stricken by consent of the parties from the trial calendar), defendant filed a motion to dismiss.

This court sustained the trial court's refusal to dismiss the action. We pointed out that the mandatory provisions of Rule 3 are subject to the qualification: "unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss."

In reaching this conclusion, the court said:

"The right of a defendant to a dismissal of an action for failure to bring same to trial within one year after any issue of law or fact has been joined is waived if the defendant stipulate that the action need not be brought to trial within the period fixed by the rule.

"If the relator consented to the continuance of the cause and the striking of same from the trial calendar—the relator is concluded as to that question by the return of the trial court—relator may not successfully invoke Rule III, as relator is equally at fault with the plaintiffs for failure to bring the action on for trial or hearing within one year after issue had been joined."

If lifted from its factual setting, the conclusion can be drawn from it that once a defendant consents that an action need not be noted for trial within a year, he is thereafter foreclosed from raising the question. Such interpretation would pervert the reason and purpose of Rule 3. However, when reference is made to the facts, it is apparent that the waiver refers and applies to the time accruing prior to the stipulation. This period of time having been waived by the stipulation, it could not be used in computing the time requirement of Rule 3. The waiver was made by the movant. Hence, failure to bring the case on for trial or hearing, within a year from date of issue, was caused by the party making the motion to dismiss.

"In order to invoke this rule, a defendant must remain passive and not do, or cause to be done, anything to prevent the plaintiff from bringing the action on for trial." *State ex rel. Dawson v. Superior Court, supra.*

This conclusion is fortified by a reference to the concurring opinion in the *Seattle* case, *supra*, signed by three members of the court. They concurred in the denial of the motion to dismiss because

" . . . the defendant moved to dismiss the action, invoking Rule III, several months less than one year *from the date the cause was stricken from the trial calendar.*"

Thus the consent to strike the case from the trial calendar waived the use of the period accruing prior to the stipulation and started the time running anew from the date of the stipulation. This is further emphasized by the concurring opinion:

"The defendant invoked the provisions of Rule III several months before the expiration of a year from the date the cause was stricken from the trial calendar."

The stipulation of May 12, 1951, in the instant case, goes further than the mutual agreement to strike in the *Seattle* case, *supra*. After striking the case, either party could have renoted it immediately. In this stipulation, not only did the power company agree not to note the case for trial prior to September 1, 1951 (which was *more than a*

*year* after the case was at issue), but the district was also prohibited from noting it. Under the authority of the *Seattle* case, *supra*, the time prior to April 12, 1951, was waived and could not be used in computing time under Rule 3. Under the terms of the stipulation itself, the period between April 12, 1951, and September 1, 1951, could not be used in making the computation. Hence, the time under Rule 3 began anew on September 1, 1951. Motion to dismiss was filed April 22, 1952. It was premature.

The argument that the parties may, by stipulation, emasculate the rule is without merit. The court still has inherent power to dismiss a cause for want of prosecution, independent of Rule 3. *State ex rel. Dawson v. Superior Court, supra*; *Stickney v. Port of Olympia, supra*. It is a matter of discretion. The trial judge in his memorandum opinion said:

"I am of the opinion that there has not been laches or such unreasonable delay as would justify at this time a dismissal of the action under the court's general jurisdiction so to do."

After an examination of the entire record, we cannot say that the trial court abused its discretion.

The order denying the motion for dismissal is affirmed.

SCHWELLENBACH, C. J., MALLERY, GRADY, and OLSON, JJ., concur.

---

January 23, 1953. Petition for rehearing denied.