[No. 46372-1-I. Division One. July 30, 2001.]

FOSS MARITIME COMPANY, *Appellant*, v. THE CITY OF SEATTLE, ET AL., *Respondents*.

■■■■■■■■■■■■■■■■■■■■■■■■

*Norman J. Bruns* and *William C. Severson* (of *Garvey, Schubert & Barer*), for appellant.

*Steven L. Gross*; and *Mark H. Sidran, City Attorney*, and *Cynthia U. Seu* and *Patricia E. Nellermoe, Assistants*, for respondents.

■■■■■■■■■■■■■■■

■■■■■■■■

APPELWICK, J. — The trial court denied Foss Maritime Company's motion for writ of review and dismissed the case. Foss had timely filed an initial application for writ of review of a City of Seattle hearing examiner's decision, but did not file a motion for issuance of the writ until two years later. The City filed a motion to dismiss the case due to Foss's two-year delay. Upon the filing of an application for writ of review, the issues in the case are joined. Thus, CR 41(b)(1) applies. Foss noted the case for trial before the City filed its motion to dismiss. Thus, the requirements of CR 41(b)(1) were not met and the trial court had no authority to dismiss the case. We therefore reverse.

## FACTS

On August 26, 1997, the City of Seattle's (City) finance department issued a deficiency assessment for business and occupation taxes to Foss Maritime Company (Foss). Foss appealed the assessment to the City's hearing examiner, and a hearing was held. The hearing examiner rendered a decision on December 31, 1997, affirming the assessment. Foss paid the assessment.

Foss filed an application for writ of review of the hearing examiner's decision in King County Superior Court on January 14, 1998. For the next two years, Foss took little action on the case. Finally, on January 4, 2000, two years

after filing its initial application, Foss filed a motion for writ of review, seeking issuance of the writ.

The City filed an opposition to Foss's motion for writ of review, arguing that the court should deny the motion due to Foss's two-year delay in seeking to obtain the writ. The City claimed that the burden imposed on the public caused by the two-year delay was unfair. The City also requested that the court dismiss the case.

In its reply to the City's opposition, Foss blamed its two-year delay on the difficulties it had encountered in transcribing the testimony of the administrative hearing. Foss also claimed that it had delayed seeking the writ because it wanted to see whether proposed state legislation would be passed that might apply retroactively to affect the issues in the case.

Judge Barnett denied Foss's motion for issuance of a writ, as well as Foss's motion for reconsideration.

One month later, Foss again sought issuance of a writ of review, this time from Judge Alsdorf. Judge Alsdorf, noting that Foss had not shown a basis to revise Judge Barnett's order, refused to issue a writ. On March 28, 2000, Judge Barnett on her own motion prepared and signed an order dismissing the case without prejudice. Foss appeals.

## ANALYSIS

Foss argues that the trial court erred in denying the writ of review and dismissing the case. Foss argues that the applicable law governing the court's decision is CR 41(b), and that the City failed to comply with the requirements of that rule. Thus, according to Foss, denial of the writ and dismissal of the case was improper.

There is no dispute that a writ of review is the proper procedure for obtaining judicial review of the hearing examiner's decision regarding the City's tax assessment. The City also concedes that Foss's initial application for writ of review was timely filed. The relevant ordinance, Seattle Municipal Code (SMC) 5.44.120(D), provides that a

taxpayer must apply for a writ of review within 14 days from the date of the hearing examiner's decision. Here, Foss filed its initial application for a writ of review on January 14, 1998, 14 days after the hearing examiner rendered its decision on December 31, 1997. But Foss waited two years after filing that initial application before it filed its motion for writ of review. The issue in dispute is whether the trial court's decision to deny the motion due to that two-year delay was proper.

Both Foss and the City agree that the civil rules of procedure govern the issue in dispute in this case. RCW 7.16.340, which governs statutory writs of review, provides that "[e]xcept as otherwise provided in this chapter, the provisions of the code of procedure concerning civil actions are applicable to and constitute the rules of practice in the proceedings in this chapter." *See also Griffith v. City of Bellevue*, 130 Wn.2d 189, 192, 922 P.2d 83 (1996) ("RCW 7.16.340 directs us to apply the civil rules in writ proceedings.").

Although the parties agree that the civil rules govern the issue in dispute, they disagree about which civil rule to apply. The writ statute, chapter 7.16 RCW, does not specify which rule to apply to determine whether a party has unreasonably delayed in seeking issuance of a writ, after the party has filed an initial application.

Foss characterizes the City's opposition to Foss's January 2000 motion for a writ of review as a motion to dismiss the case under CR 41(b)(1). A defendant who wishes a trial court to dismiss an action for a plaintiff's failure to prosecute may make a motion under CR 41(b). CR 41(b) provides:

> **Involuntary Dismissal; Effect.** For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him or her.
>
> (1) *Want of Prosecution on Motion of Party.* Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff, counterclaimant, cross claimant, or

third party plaintiff neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after 10 days' notice to the adverse party. If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.

■■ The City argues that, notwithstanding CR 41(b), the trial court here had inherent authority to dismiss the case. But a trial court's inherent powers to dismiss come into play only if CR 41 does not apply: "A court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented." *Snohomish County v. Thorp Meats*, 110 Wn.2d 163, 166-67, 750 P.2d 1251 (1988) (footnote omitted). In *Thorp Meats*, the Supreme Court explained that a trial court has inherent authority to dismiss an action for want of prosecution only "[w]here dilatoriness of a type not described by CR 41(b)(1) is involved." 110 Wn.2d at 169. " 'Dilatoriness of a type not described by CR 41(b)(1)' refers to unacceptable litigation practices other than mere inaction, whatever the duration." *Wallace v. Evans*, 131 Wn.2d 572, 577, 934 P.2d 662 (1997) (quoting *Thorp Meats*, 110 Wn.2d at 169). Here, the City moved to dismiss the case due to Foss's "mere inaction" on the case. Thus, the trial court did not have inherent authority to dismiss the case and CR 41(b) applies.

■■ Foss correctly argues that the City did not comply with the requirements of CR 41(b)(1). The last sentence of the rule "bars dismissal whether the case is noted for trial within 1 year of joinder or after, so long as the case is noted for trial before the motion to dismiss is heard." *Thorp Meats*, 110 Wn.2d at 168. In its January 2000 motion for a writ of review, Foss moved for issuance of the writ, issuance of a trial date, establishment of a case schedule and assignment of a judge. With this motion, Foss effectively noted the case for trial. The City did not file its opposition

to the writ until after Foss filed the January 2000 motion. Thus, the case was effectively noted for trial before the City filed its motion to dismiss.

If a case is noted for trial before a hearing on a motion to dismiss under CR 41(b), the court *cannot* dismiss the action for failure to prosecute. As the Supreme Court held in *Thorp Meats*,

> We conclude that the final sentence of CR 41(b)(1) means precisely what it says, a case shall *not* be dismissed for want of prosecution if it is noted for trial before the hearing on the motion to dismiss. The rule . . . thus limits the power of the trial court to dismiss for failure to prosecute after the issue is joined and the case noted for trial.

110 Wn.2d at 168-69. Because the language is mandatory, "[i]t follows that in ruling on a motion to dismiss pursuant to CR 41, the trial court may not generally consider the merits of the case nor the hardship which application of the rule may bring." *Thorp Meats*, 110 Wn.2d at 167. The final sentence in CR 41(b)(1) "was promulgated to encourage cases to be heard on the merits, the courts recognizing that involuntary dismissal for want of prosecution 'is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy.' " *Thorp Meats*, 110 Wn.2d at 168 (quoting *Yellam v. Woerner*, 77 Wn.2d 604, 608, 464 P.2d 947 (1970)). Thus, the trial court had no authority to dismiss the case regardless of the merits of Foss's given reasons for its delay in prosecuting the case, or any hardship that the City experienced as a result of the delay.

This result is reasonable. The City itself had several options it could have pursued during the two years to deal with the delay in prosecuting the case. The City could have moved the court for a show cause hearing date. *See* King County Local Rule (LR) 40(a)(3) ("If a case has not been assigned a trial date, or if the assigned trial date has passed and the case has not been dismissed, any party may apply by motion to the assigned Judge, or if no assigned Judge, to the Chief Civil Department, for assignment of a trial date

and a Case Schedule."). The City could also have moved for involuntary dismissal, without prejudice, for want of prosecution. CR 41(b)(1). The City could have contacted opposing counsel to request that Foss move the case forward. The City chose to do none of these things. Instead, it acquiesced in the deferral of the case.

■ The City offers several arguments in an attempt to avoid the application of CR 41(b). None of these arguments is successful. First, the City argues that CR 41(b) does not apply because the issues of the case have not been joined. CR 41(b)(1) provides that it applies only "after any issue of law or fact has been joined." *See also Lind v. Frick*, 15 Wn. App. 614, 618, 550 P.2d 709 (1976) (CR 41(b)(1) motion to dismiss is not appropriate until after issues have been joined). According to the City, the issues have not been joined because the City has not yet participated in the case; indeed, the City is not required to participate in the case until the writ is issued. But in actions where no responsive pleading is required, such as this one, the rule regarding joinder of issues is that "[u]pon the filing of a petition or upon the return day of a writ, to which a responsive pleading is not required, an issue of law or an issue of fact is joined." *State ex rel. Wash. Water Power Co. v. Superior Court*, 41 Wn.2d 484, 490, 250 P.2d 536 (1952). Thus, the fact that the City has not yet participated in the case does not preclude the application of CR 41(b)(1).

■ Second, the City argues that the filing of an application for a writ is the equivalent of filing a complaint and the writ itself is the equivalent of a summons. Thus, the City argues, Foss had 90 days from the date it filed its application to obtain the writ and serve the City. The City relies on RCW 7.16.100, which provides that after an applicant has obtained a writ, the writ must be served "in the same manner as a summons." Under RCW 4.16.170, in order to toll the statute of limitations, a plaintiff must serve a summons on the opposing party within 90 days of filing the complaint. Since Foss did not obtain and serve the writ within 90 days of the date it filed its application, the City

contends that the 14-day statute of limitations for obtaining a writ of review had run before Foss obtained the writ. Therefore, the City concludes, the superior court was correct in refusing the writ and dismissing the case.

But the City cites no authority for its novel attempt to characterize the writ as a summons. The function of a summons is to give the adverse party notice of the court action and to advise it of any steps that it must take to defend and the consequences of failing to do so. *Spokane Merchs' Ass'n v. Acord*, 99 Wash. 674, 170 P. 329 (1918). In the writ context, the application and notice of application for writ perform this notice function. RCW 7.16.050. These documents were properly filed and served at the commencement of this action. The City has raised no objection to their content or manner of service. Moreover, the writ of review itself is not a summons and cannot serve the function of a summons because it is not even directed or served on the adverse party. Instead, it is directed to the inferior officer who is the custodian of the record. RCW 7.16.100. The application and notice give the adverse party notice of the writ proceeding, as was done in this case. The writ itself is directed to the officer whose decision is to be reviewed.

Third, the City argues that dismissal was appropriate under principles enunciated in *Clark County Public Utility District No. 1 v. Wilkinson*, 139 Wn.2d 840, 991 P.2d 1161 (2000). The issue in that case was whether an initial application for writ of certiorari was timely. *See Clark County Pub. Util. Dist. No. 1*, 139 Wn.2d at 843. The Supreme Court explained that an application for a writ of review must be filed within a "reasonable time." *Clark County Pub. Util. Dist. No. 1*, 139 Wn.2d at 847. The Court explained that a reasonable time can be determined by reference to laches principles or by analogy to the statutes and rules governing the bringing of appeals. *Clark County Pub. Util. Dist. No. 1*, 139 Wn.2d at 848-49.

But *Clark County Public Utility District No. 1* is distinguishable. Here, a city ordinance prescribes the reasonable time for bringing the initial application for writ of review.

Again, SMC 5.44.120(D) provides that a taxpayer contesting a tax assessment must apply for a writ of review within 14 days from the date of the hearing examiner's decision. Foss filed its initial application in a timely manner. The Court in *Clark County Public Utility District No. 1* did not address the precise issue here: whether dismissal is proper where the initial application for the writ was timely but the applicant thereafter delayed seeking issuance of the writ. *Clark County Public Utility District No. 1* does not apply.

Accordingly, we reverse the superior court's decisions denying the motion for writ of review and dismissing the case.

COLEMAN and GROSSE, JJ., concur.