[No. 39921-1-II.   Division Two.   January 19, 2011.]

BUSINESS SERVICES OF AMERICA II, INC., *Appellant*, v. WAFERTECH, LLC, *Respondent*.

---

*Eric R. Hultman* (of *Hultman Law Office*), for appellant.

*James T. McDermott* (of *Ball Janik LLP*) and *Howard M. Goodfriend* (of *Edwards Sieh Smith & Goodfriend PS*), for respondent.

¶1  QUINN-BRINTNALL, J. — Business Services of America II Inc. (BSA) appeals the dismissal of its mechanic's lien claim against WaferTech LLC. The claim survived its original dismissal by the trial court in 2002 when this court reversed and remanded in 2004. BSA argues that the trial court erred when it found that CR 41(b)(1) did not apply on remand to limit its inherent discretion to dismiss a claim for want of prosecution. Because a trial court's compliance with CR 41(b)(1) is mandatory, its plain language precludes a trial court from dismissing a case once it is noted for trial. Accordingly, we reverse the trial court's dismissal of BSA's lien foreclosure claim, vacate the order awarding WaferTech attorney fees, and remand for trial.

## FACTS

¶2  In a prior appeal of this case, we held that the trial court erred when it granted summary judgment dismissal of BSA's mechanic's lien claim and remanded for further proceedings. *Bus. Servs. of Am. II, Inc. v. WaferTech, LLC*, noted at 120 Wn. App. 1042, 2004 WL 444724, at *5-6, 2004 Wash. App. LEXIS 362, at *20-22. We issued our unpublished opinion on March 9, 2004, and issued our mandate on February 8, 2005. Neither party took any action to move this case forward during the following four years.

¶3  On July 5, 2006, without notice to the parties, the trial court entered an order for the return of exhibits pursuant to a 2002 stipulation by the parties. The 2006 order is unsigned by either party and contains a handwritten note that reads, "Satisfaction 4-11-05," apparently indicating that the trial court found satisfaction of judgment on April

11, 2005.[1] Clerk's Papers (CP) at 58. Both parties agree that the trial exhibits were subsequently recorded on microfiche and destroyed. On May 16, 2008, Natkin/Scott[2] and BSA's former counsel filed a notice of intent to withdraw, stating that "[n]o trial date is set. This case has been dismissed and judgment entered thereon against Plaintiffs." CP at 43.

¶4 On January 13, 2009, BSA's new counsel spoke with, and sent a letter to, WaferTech's counsel, notifying WaferTech of BSA's intention to pursue the remaining mechanic's lien claim. The letter stated that although WaferTech may have regarded the case as "closed," BSA's lien claim was still subject to adjudication. Two days later, on January 15, BSA filed a notice of appearance with the trial court. And on June 15, 2009, BSA filed a notice to set for trial its lien foreclosure claim.

¶5 On August 6, 2009, WaferTech filed a motion to dismiss the lien claim, urging the trial court to exercise its inherent authority to dismiss for want of prosecution and asserting that (1) CR 41(b)(1) did not apply on remand, (2) the four-year delay resulted in unfair prejudice to WaferTech, and (3) the delay created an undue burden on the trial court. BSA argued that the trial court could not dismiss because CR 41(b)(1) prohibited an exercise of dis-

---

[1] Satisfaction of judgment was one triggering event allowing the trial court to "return" the trial exhibits. On April 11, 2005, WaferTech requested that the trial court enter a "Full Satisfaction of Judgment" indicating it had received payment for attorney fees awards affirmed by this court. Clerk's Papers at 170. We note that in handwriting "Satisfaction 4-11-05" on the exhibit return order, the trial court erred in two ways. First, because this court reversed the dismissal of the mechanic's lien claim and remanded for further proceedings in 2004, the trial court failed to recognize that the April 11, 2005 "satisfaction" was only a partial satisfaction of the case and the lien issue remained outstanding. Second, the note "Satisfaction 4-11-05" fails to comply with RCW 4.56.100(1), which requires

[e]very satisfaction of judgment and every partial satisfaction of judgment which provides for the payment of money shall clearly designate the judgment creditor and his or her attorney if any, the judgment debtor, the amount or type of satisfaction, whether the satisfaction is full or partial, the cause number, and the date of entry of the judgment.

[2] Natkin/Scott assigned its rights to BSA, an entity created to pursue Natkin/Scott claims. For clarity, appellant is referred to only as BSA.

cretion to dismiss for want of prosecution once a case had been noted for trial.

¶6 The trial court heard the parties on WaferTech's motion on August 26, 2009, and stated,

> You know, this situation kind of epitomizes why we have standards in terms of getting cases resolved. And standards for keeping cases going because situations like this arise where all of the original parties, and everything else are gone.
>
> That files—for us to resurrect the files in this case is going to be next to impossible. They are on microfiche. We don't have one piece of paper left with regard to files, and I just got a few off the computer that I thought I might be needing. So—that creates a hardship on both the Court as well as the parties in the case.

Report of Proceedings (Aug. 26, 2009) at 13. The trial court found that it was not constrained by CR 41(b)(1) and granted WaferTech's motion to dismiss with prejudice on September 15. On October 9, the trial court heard the parties regarding WaferTech's request for reasonable attorney fees and costs pursuant to RCW 60.04.181[3] and entered a supplemental judgment, awarding WaferTech $52,014.50 in attorney fees and $2,133.51 in costs.

## ANALYSIS

DISMISSAL FOR WANT OF PROSECUTION

¶7 Whether CR 41(b)(1) applies on remand to preclude dismissal of a claim for want of prosecution once it is noted for trial requires interpretation of a court rule, which is a question of law we review de novo. *Nevers v.*

---

[3] RCW 60.04.181(3) states,

The court may allow the prevailing party in the action, whether plaintiff or defendant, as part of the costs of the action, the moneys paid for recording the claim of lien, costs of title report, bond costs, and attorneys' fees and necessary expenses incurred by the attorney in the superior court, court of appeals, supreme court, or arbitration, as the court or arbitrator deems reasonable. Such costs shall have the priority of the class of lien to which they are related, as established by subsection (1) of this section.

*Fireside, Inc.*, 133 Wn.2d 804, 809, 947 P.2d 721 (1997). In determining the meaning of a court rule, we apply the same principles used to determine the meaning of a statute. *City of Bellevue v. Hellenthal*, 144 Wn.2d 425, 431, 28 P.3d 744 (2001). Foremost, we consider the plain language of the rule and construe the rule in accord with the drafter's intent. *See Hellenthal*, 144 Wn.2d at 431. If the rule's meaning is plain on its face, we give effect to that plain meaning as an expression of intent. *Arborwood Idaho, LLC v. City of Kennewick*, 151 Wn.2d 359, 367, 89 P.3d 217 (2004).

¶8 CR 41(b) provides for involuntary dismissal of an action or any claim against a defendant for failure of the plaintiff to timely prosecute. CR 41(b)(1) states,

> Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff . . . neglects to note the action for trial or hearing within 1 year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. . . . *If the case is noted for trial before the hearing on the motion, the action shall not be dismissed.*

(Emphasis added.) CR 41(b)(1) does not distinguish between the procedural posture of an action. It states clearly a trial court cannot dismiss an action if it is noted for trial prior to a hearing on a motion for dismissal for want of prosecution.

¶9 Here, BSA's mechanic's lien claim was "joined" for purposes of the rule when this court issued its mandate on February 8, 2005, and authorized the trial court to proceed on the issue of the lien claim. *State ex rel. Wash. Water Power Co. v. Superior Court*, 41 Wn.2d 484, 489-91, 250 P.2d 536 (1952) (for purposes of rule 3, CR 41(b)'s predecessor, an issue of law or fact is joined whenever in the process of a legal action it becomes necessary and proper to decide a question of law or a question of fact). BSA noted the case for trial four years later in June 2009.[4]

---

[4] While we are mindful of the unprofessionalism in bringing a claim after a delay of more than four years, we note that WaferTech, itself, also had ample

598

■ ¶10 Without citing to authority, WaferTech asserts that CR 41(b)(1) does not apply after trial and appellate remand. In other words, WaferTech's contention is that CR 41(b)(1) applies only until a case is *first* noted for trial and never again thereafter. But neither Washington law nor the plain language of the rule supports WaferTech's interpretation. The court rules "govern the procedure in the superior court in all suits of a civil nature whether cognizable as cases at law or in equity." CR 1. No separate court rules exist for a civil case before a trial court on remand. Thus, because no authority is cited and nothing in the plain language of CR 41(b)(1) suggests that it would not apply to a case on remand, and BSA's case was properly joined and noted for trial before the hearing on WaferTech's motion to dismiss, the trial court lacked inherent authority to dismiss the claim on remand. *Water Power*, 41 Wn.2d at 491.

■ ■ ¶11 Moreover, as our Supreme Court held in *Snohomish County v. Thorp Meats*, 110 Wn.2d 163, 168-69, 750 P.2d 1251 (1988),

> [T]he final sentence of CR 41(b)(1) means precisely what it says, a case shall *not* be dismissed for want of prosecution if it is noted for trial before the hearing on the motion to dismiss. The rule . . . limits the power of the trial court to dismiss for failure to prosecute after the issue is joined and the case noted for trial.

And because the language is mandatory, " '[i]t follows that in ruling on a motion to dismiss pursuant to CR 41, the trial court may not generally consider the merits of the case nor the hardship which application of the rule may bring.' "*Foss Mar. Co. v. City of Seattle*, 107 Wn. App. 669, 675, 27 P.3d 1228 (2001) (alteration in original) (quoting *Thorp Meats*, 110 Wn.2d at 167); *Gott v. Woody*, 11 Wn. App. 504, 507, 524 P.2d 452 (1974) (CR 41(b)(1) operates as a limitation on the otherwise discretionary authority of trial courts to dismiss actions for want of prosecution). The final sentence in CR 41(b)(1) " 'was promulgated to encourage cases to be heard

---

opportunity over a three-year period to move for dismissal of the lien claim under CR 41(b)(1).

on the merits, the courts recognizing that involuntary dismissal for want of prosecution is punitive or administrative in nature and every reasonable opportunity should be afforded to permit the parties to reach the merits of the controversy.'" *Foss Mar.*, 107 Wn. App. at 675 (internal quotation marks omitted) (quoting *Thorp Meats*, 110 Wn.2d at 168).

¶12 Alternatively, WaferTech argues that the July 2006 order indicating a "satisfaction" in April 2005, when viewed together with BSA's former counsel's May 2008 notice of intent to withdraw, evidence BSA's dilatoriness removing the present case from the confines of CR 41(b)(1). We disagree. A court of general jurisdiction has the inherent power to dismiss actions for lack of prosecution, but only when no court rule or statute governs the circumstances presented. *Foss Mar.*, 107 Wn. App. at 674 (quoting *Thorp Meats*, 110 Wn.2d at 166-67). In *Thorp Meats*, our Supreme Court explained that where CR 41(b)(1) applies, a trial court has inherent authority to dismiss an action for want of prosecution only "[w]here dilatoriness of a type not described by CR 41(b)(1) is involved." 110 Wn.2d at 169. " 'Dilatoriness of a type not described by CR 41(b)(1)' refers to unacceptable litigation practices *other than mere inaction*, whatever the duration." *Wallace v. Evans*, 131 Wn.2d 572, 577, 934 P.2d 662 (1997) (emphasis added). Here, the partial satisfaction, order for return of exhibits, and notice of intent to withdraw are all related to the affirmed judgments against BSA, not to the outstanding lien claim, and therefore do not evidence dilatoriness beyond mere inaction.

¶13 Accordingly, we hold that the trial court had no discretion to dismiss the case irrespective of the merits of WaferTech's prejudice argument or any hardship that the trial court may experience as a result of the delay. Because we hold that the trial court erred when it found CR 41(b)(1) did not apply on remand and dismissed the case with prejudice, we vacate the order awarding WaferTech attorney fees and costs as the prevailing party under RCW 60.04.181(3).

JUDICIAL BIAS

¶14 A trial court is presumed to perform its functions regularly and properly without bias or prejudice. *In re Marriage of Meredith*, 148 Wn. App. 887, 903, 201 P.3d 1056 (citing *Wolfkill Feed & Fertilizer Corp. v. Martin*, 103 Wn. App. 836, 841, 14 P.3d 877 (2000)), *review denied*, 167 Wn.2d 1002 (2009). The test for determining whether a judge's impartiality might reasonably be questioned is an objective one that assumes the reasonable person knows and understands all the relevant facts. *Sherman v. State*, 128 Wn.2d 164, 206, 905 P.2d 355 (1995). The party claiming bias or prejudice must support the claim with evidence of the trial court's actual or potential bias. *State v. Dominguez*, 81 Wn. App. 325, 328-29, 914 P.2d 141 (1996).

¶15 BSA contends that the trial court finding that CR 41(b)(1) did not apply on remand and subsequent dismissal of its lien claim created an appearance of bias or unfairness. We disagree. That the trial court found CR 41(b)(1) inapplicable and awarded WaferTech attorney fees is not evidence of the trial judge's actual or potential bias, only of an error in applying the law. Accordingly, we decline to order that the case be remanded to a different trial judge.

ATTORNEY FEES ON APPEAL

¶16 Both BSA and WaferTech request attorney fees pursuant to RCW 60.04.181(3). BSA would be entitled to attorney fees only if it is successful on remand. WaferTech is not the prevailing party on appeal. Accordingly, neither party is awarded attorney fees until further proceedings reveal which is the prevailing party under RCW 60.04.181(3).[5]

PENOYAR, C.J., and BRIDGEWATER, J. PRO TEM., concur.

---

[5] Natkin/Scott requests we hold that it may be entitled to recover attorney fees pursuant to RAP 18.1 if it prevails on remand and is awarded attorney fees by the trial court. Because neither BSA nor WaferTech is entitled to attorney fees on appeal, we also deny Natkin/Scott any potential future award of attorney fees for this appeal.